UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN ANDRE BIBBS (12), ) | Criminal No. 08-CR-256-L-12 |
| ) | |
| Petitioner, ) | **ORDER DENYING MOTION FOR** |
| ) | **MODIFICATION OF TERM OF** |
| v. ) | **IMPRISONMENT PURSUANT TO** |
| ) | **18 U.S.C. § 3582(C)(2); AND ORDER** |
| UNITED STATES OF AMERICA, ) | **DENYING REQUEST FOR** |
| ) | **APPOINTMENT OF COUNSEL** |
| Respondent. ) | |
| ) | |

On December 2, 2011, Petitioner Melvin Andre Bibbs ("Petitioner"), proceeding *pro se*, filed a motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon the retroactive amendments to the Sentencing Guidelines that pertain to crack cocaine offenses which became effective November 1, 2011. The Government has filed a response and opposition, and Petitioner filed a reply. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, **DENIES** Petitioner's motion.

## BACKGROUND

On September 29, 2009 Petitioner pled guilty to a Superseding Information charging him with Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846. On February 16, 2010, this Court sentenced Petitioner to 120 months of imprisonment. The Court determined that Petitioner's base offense level was 34 (because the conspiracy involved at

least 150 grams of methamphetamine), with minus 3 for acceptance of responsibility, for an adjusted offense level of 31. Petitioner was in a criminal history category III, therefore the advisory Guidelines range was 135-168. The Court notes that even though Petitioner was initially charged with conspiracy to distribute crack cocaine and methamphetamine, crack cocaine did not figure into either his Guidelines calculation or his sentence, because he pled guilty to a methamphetamine charge only. At the sentencing hearing, the Court specifically ruled "The base offense level is 34 because of the methamphetamine. ... [T]his is a methamphetamine charge, not a cocaine charge. So I will stick with a level 34 base offense." (Sentencing Tr. 18-19, Feb. 16, 2010.)

## ANALYSIS

Petitioner now moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 750 to the Sentencing Guidelines. Amendment 750 reduces the base offense level for crack cocaine offenses in § 2D1.1(c) of the Sentencing Guidelines, by applying an 18:1 crack-to-powder ratio, instead of a 100:1 ratio. *See* Amendment 750, Supplement to Appendix C, Amendments to the Guidelines Manual. The Sentencing Commission has given this amendment retroactive effect and has listed it in § 1B1.10(c) of the Guidelines, a requirement for retroactive amendments. *See* U.S.S.G. § 1B1.10(c).

Petitioner, however, is not eligible for this reduction because no crack cocaine figured into either his Guidelines calculation or his sentence. The Court may only reduce a sentence under § 3582(c)(2) if the Guidelines sentencing range "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Petitioner was sentenced under the methamphetamine Guidelines, not the crack cocaine Guidelines. The methamphetamine Guidelines have not changed. Therefore, Petitioner's motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**. Additionally, Petitioner's request for appointment of counsel is **DENIED** as **MOOT**.

**IT IS SO ORDERED**.

DATED: February 27, 2012

M. James Lorenz
United States District Court Judge

COPIES TO:

PETITIONER
U.S. ATTORNEY'S OFFICE